# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD F. PARKS, ) | Case No. 2:16-cv-00090-GMN-NJK |
| Plaintiff(s), ) | |
| ) | <u>TRANSFER ORDER</u> |
| vs. ) | |
| ) | |
| CHRISTY D. JOHNSON, et al., ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* and proposed complaint. Docket Nos. 1, 3, 3-1. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a); *see also Feldmann v. Dane County Jail, et al.*, 3:15-cv-00125-RCJ-WGC (D. Nev. Mar. 25, 2015) (Docket No. 3).

In this case, Plaintiff's claims arise out of his imprisonment in Arizona and alleged inability to obtain services from a hospital in Tucson, Arizona, *see, e.g.*, Docket No. 3-1 at 1, as well as alleged

events involving the Bull Head City Police in Bull Head City, Arizona, *see, e.g.*, Docket No. 1 at 2-3. None of the above venue provisions renders this Court a proper venue in this case.

      Based on the foregoing, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the District of Arizona and that this case be closed.[1,2]

      IT IS SO ORDERED.

      Dated: February 9, 2016

                                    NANCY J. KOPPE
                                    United States Magistrate Judge

---

[1] An order transferring venue does not address the merits of the case and, therefore, is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Ross v. Lane Community College*, 2014 WL 3783942, *4 (D. Nev. July 31, 2014) (holding that a transfer under 28 U.S.C. § 1406(a) is a nondispositive matter).

[2] It appears that Plaintiff's case is subject to the provisions of 28 U.S.C. § 1915(g). *See Parks v. McCluskey*, 2010 U.S. Dist. Lexis 57555 (D. Ariz. May 24, 2010) (finding Plaintiff's filing of numerous unmeritorious cases subjected him to the requirements of § 1915(g)). Nonetheless, because the proper venue for this case is in Arizona, the undersigned leaves this issue for that Court to address.